ELKIN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-142-CR

VANN DEAN ELKIN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Vann Dean Elkin appeals his conviction for indecent exposure.  In three issues, appellant complains that the evidence is factually insufficient to support his conviction, the trial court erred by admitting evidence of an extraneous offense, and his trial counsel was ineffective.  We will affirm.

The issue in a factual sufficiency review is whether, considering all of the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt.  
Zuniga v. State,
 No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004).  A person commits the offense of indecent exposure if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person and he is reckless about whether another is present who will be offended or alarmed by his act.  
Tex. Penal Code Ann.
 § 21.08(a) (Vernon 2003).

In this case, it is undisputed that appellant exposed his penis to Jerry Sillers, an undercover police officer, in a public park.  Appellant contends, however, that he merely intended to urinate and that the evidence is factually insufficient to show his intent to arouse or gratify anyone’s sexual desire.  

Concerning appellant’s intent, Officer Sillers testified:  He and appellant had a conversation in the park during which appellant, in response to Sillers’s questions, acknowledged that he liked “peter play,”
(footnote: 2) was “looking for someone to mess around with,” and “liked young high school jocks that like to get their jocks pulled on every now and then.”  Sillers also asked appellant if he was a cop, to which appellant responded:

[H]ell, no.  I’ve been in trouble with the law before in a park just like this and it took about $3,000 to get me out of trouble.  So I was arrested in Waco by a park ranger. . . .  Right when I went down on the guy,[
(footnote: 3)] he busted me.

Appellant also gave Sillers a card with appellant’s address and phone number on it and insisted that Sillers stop by appellant’s house if he ever wanted to mess around.  Sillers then asked if appellant would let him “see what I would be messing around with.”  Appellant responded, “[S]ure,” unzipped his pants, pulled out his partially erect penis, stroked it about twenty times until it was fully erect, and said, “It will grow a little more, don’t worry.”  

Conversely, appellant testified:  Appellant had just finished a three-mile walk around Lake Benbrook when Sillers engaged him in conversation.  Sillers repeatedly made sexual advances towards appellant, which appellant, who is gay, found flattering.  Appellant refused to engage in sexual activity in the park, however, and instead gave Sillers his card and invited him to his house.  Appellant then turned to get into his truck, but Sillers continued to move closer, urging appellant to show Sillers his “d---.”  Appellant, who was impotent, was on medication that required him to urinate frequently.  After his walk and prolonged conversation with Sillers, appellant needed to urinate.  Consequently, he pulled out his penis, said, “[E]xcuse me, but I’ve got to urinate,” turned away from Sillers, and urinated.  Appellant assumed that Sillers would not be embarrassed by this, since he had asked repeatedly to see appellant’s penis.

Although the evidence regarding appellant’s intent is conflicting, the evidence that he exposed himself with the intent to arouse or gratify sexual desire is not too weak to support the finding of guilt beyond a reasonable doubt.  
See Zuniga,
 No. 539-02, 2004 WL 840786, at *7.  Likewise, when all of the evidence is viewed in a neutral light, the evidence contrary to the jury’s verdict is not so great that the beyond-a-reasonable-doubt standard was not met.  
See id
.  Accordingly, we hold that the evidence is factually sufficient to establish the intent element of the charged offense.  We overrule appellant’s first issue.

In his second issue, appellant complains that the trial court improperly admitted the evidence regarding the Waco incident.  Appellant contends that he did not open the door to admission of this extraneous offense evidence and that the evidence should have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice or misleading the jury.
(footnote: 4)  The State asserts that the evidence was properly admitted as proof of appellant’s intent to expose himself for his sexual gratification, an issue that was hotly contested at trial.  

Evidence of crimes, wrongs, or other acts is not admissible to prove a defendant’s character to show action in conformity therewith.  
Tex. R. Evid.
 404(b).  But such evidence may be relevant and admissible for other purposes, such as to show intent.  
Id.
  The presumption is that relevant evidence will be more probative than prejudicial; therefore, relevant evidence should be admitted unless its probative value is substantially outweighed by the danger of unfair prejudice or misleading the jury.  
Tex. R. Evid.
 403; 
Montgomery v. State,
 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (op. on reh’g).  In close cases, trial courts should favor admission, in keeping with the presumption of admissibility.  
Montgomery,
 810 S.W.2d at 389.

The criteria for determining whether the prejudice of an extraneous offense outweighs its probative value include:  (1) how compellingly the extraneous offense evidence serves to make more or less probable a fact of consequence to the determination of the action; (2) the potential the evidence has to impress the jury in some irrational but indelible way; (3) how much time the proponent of the evidence needs to develop it, so that the fact finder’s attention might be diverted from the indicted offense; and (4) how much the proponent needs the evidence to prove a fact of consequence.  
Mozon v. State,
 991 S.W.2d 841, 847 (Tex. Crim. App. 1999). 

A trial court’s evidentiary rulings are reviewable for an abuse of discretion.  
Torres v. State,
 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).  We will not reverse a trial court’s ruling unless it falls outside the zone of reasonable disagreement.  
Id.
  If the trial court’s ruling is correct under any theory of law applicable to the case, it will be sustained.  
Romero v. State,
 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

In this case, it is undisputed that appellant exposed his penis in Sillers’s presence in a public park.  The dispute centers around what appellant intended by the exposure.  Appellant testified that he exposed his penis only to urinate and that he turned away from Sillers as he did so.  Further, a defensive theory at trial, about which Sillers was cross-examined extensively, was that Sillers, not appellant, had initiated all of the conversation about sexual activity.  Sillers admitted that he had asked several questions of a sexual nature; however, he also testified that appellant had masturbated.  

In order to secure a conviction, the State was required to prove that appellant had intended to arouse or gratify his sexual desire.  
Tex. Penal Code Ann.
 § 21.08(a).  The ultimate issue of appellant’s intent was hotly contested, and his comment about the Waco incident is compelling evidence that he intended to expose himself to gratify his sexual desire, not just to urinate.  In addition, without this evidence, the State’s only other evidence of intent was Sillers’s testimony, which appellant had controverted and attempted to impeach on cross-examination.  Finally, the State spent only a few pages of the trial record developing the evidence regarding the Waco incident, and the evidence was not of such a nature that the jury would have been likely to disregard an instruction to consider it only on the issue of appellant’s intent rather than as evidence that he was a criminal generally.

For all these reasons, we hold the trial court’s conclusion that the evidence’s probative value was not substantially outweighed by the danger of unfair prejudice or misleading the jury was not outside the zone of reasonable disagreement.  
See Torres,
 71 S.W.3d at 760; 
Mozon,
 991 S.W.2d at 846-47.  Accordingly, the trial court did not abuse its discretion by admitting the evidence.  We overrule appellant’s second issue.

In his third issue, appellant contends that, if we determine that defense counsel opened the door
(footnote: 5) to allow the introduction of evidence regarding the Waco incident by his cross-examination of Sillers, then defense counsel was ineffective.  I
n light of our holding that the evidence of the Waco incident was admissible to prove appellant’s intent to expose himself to gratify his sexual desire, we do not reach the question of whether defense counsel also opened the door to this evidence.  Accordingly, we need not address the issue of whether doing so would have constituted ineffective assistance.

Having disposed of all of appellants’ issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 1, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
Sillers testified that he understood this phrase to refer to two men playing with each others’ penises.  

3:
Sillers explained that he understood appellant to mean that he had given oral sex to another man.  

4:
On appeal, appellant complains that the trial court’s admission of the evidence violated Rule 609(b)’s prohibition against admitting evidence of a conviction more than ten years old.  
See
 
Tex. R. Evid.
 609(b).  This complaint is waived because it was not raised below.
  See 
Tex. R. App. P.
 33.1(a).  

5:
When a defense witness presents a picture that the defendant is not the type of person to commit the charged offense, the defense may open the door for the State to offer rebuttal testimony regarding extraneous offenses similar to those for which the defendant is on trial.  
See Jones v. State,
 119 S.W.3d 412, 420-21 (Tex. App.—Fort Worth 2003, no pet.).